IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TIRHAS GEBREYESUS TESFAMARIAM,<br><br>PLAINTIFF,<br><br>v.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICE.<br><br>DEFENDANT. | Civil Case No. |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Tirhas Gebreyesus Tesfamariam, (hereinafter "Plaintiff" or "Ms. Tesfamariam") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., to compel Defendant U.S. Citizenship and Immigration Services (USCIS) to immediately release the records contained in her immigration case file, known by USCIS as an Alien File or A-File, which relate to the ambiguous basis on which her husband's visa was denied. These records pertain to the reason why the beneficiary, Amanuel Zeweldi Asgodom (spouse of the petitioner), was found ineligible for an immigrant visa by the U.S. Embassy in Luanda, Angola, based on a finding of fraud or misrepresentation under INA § 212(a)(6)(C)(i). Significantly, the State Department (DOS) indicated it was USCIS who had made the fraud finding and that Plaintiff would not to ask direct any questions about the sole basis for denying her husband's visa to USCIS. Petitioner needs this information to be able to respond to it and potentially file an I-601 waiver application.

Plaintiff submitted a FOIA Request to Defendant. The Request sought the entire contents of Plaintiff's A-File. *See* Exhibit A (FOIA Request). Despite its statutory obligation to do so, Defendant failed to produce all non-exempt records responsive to the FOIA Request and/or Defendant failed to produce all segregable information contained in the records responsive to the FOIA Request. In response, Plaintiff submitted an administrative appeal seeking the information which had been withheld on August 19, 2024.

Specifically, Plaintiff's administrative appeal sought 16-pages withheld by USCIS—at least 9 of which directly pertained to the information being sought through the request. On November 22, 2024, Defendant issued a decision on Plaintiff's appeal which indicated "After careful consideration of your appeal . . . I have decided to release 16 additional pages to you. Enclosed are 16 pages released in part." Every single one of the 16 pages were essentially blank other than watermarks/headers/footers.[1]

## PARTIES

1. Plaintiff currently resides in McKinney, Texas. She filed an A-File FOIA request with USCIS on March 11, 2024 and an administrative appeal of the denial of the request on August 19, 2024.

2. Defendant USCIS is a component agency of the Department of Homeland Security and, among other duties, is the federal agency responsible for maintaining A-Files. USCIS

[1] *See* App. Ex. 1.

is an “agency” within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Plaintiff resides in Collin County, Texas, and no real property is involved.

5. Defendant acknowledged receipt of the FOIA Request by sending an acknowledgment letter on March 12, 2024. Defendant produced some records, but not the relevant ones, on July 16, 2024. Plaintiff exhausted her administrative remedies by filing an administrative appeal on August 19, 2024 [to which Defendant issued a final response on November 22, 2024.

6. On or about February 23, 2022, Plaintiff attended an interview at a USCIS office in connection with the I-130 Petition. Following the interview, USCIS approved the I-130 Petition.

7. Following the I-130 approval, Mr. Asgodom applied for an immigrant visa through the U.S. Department of State ("State Department"). Around June 2023, Mr. Asgodom attended an immigrant visa interview at the U.S. Embassy in Luanda, Angola.

8. Subsequent to the interview, the U.S. Embassy in Luanda denied Mr. Asgodom's immigrant visa application.

9. On or about June 15, 2023, the U.S. Embassy in Luanda sent an email communication stating that Mr. Asgodom was found ineligible for the visa under "Section 6C1" of the Immigration and Nationality Act ("INA").

10. Upon information and belief, the reference to "Section 6C1" was intended to refer to INA § 212(a)(6)(C)(i), codified at 8 U.S.C. § 1182(a)(6)(C)(i), which renders inadmissible any noncitizen who seeks to procure an immigration benefit by fraud or willful misrepresentation of a material fact.

11. The June 15, 2023 email from the U.S. Embassy provided no specific facts, details, explanation, or basis for the alleged finding of inadmissibility under INA § 212(a)(6)(C)(i).

12. Critically, the June 15, 2023 email explicitly stated that "a waiver is available" for this ground of inadmissibility and directed Plaintiff to the U.S. Department of Homeland Security ("DHS"), the parent agency of USCIS, for information regarding the waiver process.

13. On or about October 26, 2023, Plaintiff's counsel, Furqan Sunny Azhar, emailed the State Department's LegalNet office seeking clarification on the specific factual and legal basis for the denial of Mr. Asgodom's visa application under INA § 212(a)(6)(C)(i).

14. On or about October 27, 2023, State Department LegalNet responded via email, confirming the visa refusal was based on INA § 212(a)(6)(C)(i).

15. The State Department LegalNet email provided no details regarding the time, place, nature, or substance of the alleged fraud or misrepresentation underlying the inadmissibility finding.

16. Furthermore, the State Department LegalNet email explicitly stated that the State Department did not make the underlying finding of fraud or misrepresentation. Instead, the email explained that the "finding [was] originally made by [DHS]" and that "[c]onsular officers cannot remove an inadmissibility finding originally entered by DHS."

17. The State Department LegalNet email concluded by advising Plaintiff's counsel: "If you wish to address the factual or legal basis of the ineligibility finding, you will need to contact DHS."

18. Following the State Department's explicit instruction, Plaintiff sought the specific factual and legal basis for the alleged fraud or misrepresentation finding directly from DHS, via USCIS, through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

19. On or about December 19, 2023, USCIS received Plaintiff's first FOIA request, assigned tracking number NRC2023416504, seeking records related to the fraud or misrepresentation finding concerning Mr. Asgodom.

20. On or about December 27, 2023, USCIS issued an acknowledgment letter for FOIA request NRC2023416504.

21. On or about January 26, 2024, USCIS responded to FOIA request NRC2023416504, releasing only one (1) page and withholding thirteen (13) pages in their entirety, citing FOIA exemptions (b)(7)(C) and (b)(7)(E).

22. On or about February 20, 2024, Plaintiff, through counsel, filed an administrative appeal challenging USCIS's withholding of documents in response to FOIA request NRC2023416504.

23. On or about February 26, 2024, USCIS received the first administrative appeal. On or about March 7, 2024, USCIS issued an acknowledgment letter for the first appeal, assigning tracking number APP2024000512.

24. On or about March 11, 2024, the USCIS FOIA Appeals Office issued a decision on appeal APP2024000512, affirming the initial withholding decision but remanding the request to the USCIS National Records Center ("NRC") for a further search for responsive records.

25. On or about March 11, 2024, USCIS received Plaintiff's second FOIA request, assigned tracking number PPO2024000220, seeking copies of petitions provided. On or about March 12, 2024, USCIS issued an acknowledgment letter for FOIA request PPO2024000220.

26. On or about May 7, 2024, USCIS received Plaintiff's third FOIA request, assigned tracking number NRC2024227511. On or about May 8, 2024, USCIS issued an acknowledgment letter for FOIA request NRC2024227511.

27. On or about July 16, 2024, USCIS responded to the second FOIA request, PPO2024000220. In this response, USCIS released 351 pages but withheld sixteen (16) pages in their entirety, citing various FOIA and Privacy Act exemptions.

28. USCIS's July 16, 2024 response provided no specific justification, explanation, or reasoning for withholding the 16 pages entirely, beyond citing the statutory exemption categories.

29. Upon review of the 351 pages released on July 16, 2024, a table of contents or index within the produced documents referred to certain withheld pages (specifically, Bates pages 230-239 of the withheld set) under the heading "Risk and Fraud."

30. Upon information and belief, these withheld "Risk and Fraud" pages contain the specific information regarding the alleged fraud or misrepresentation finding made by DHS/USCIS, which the State Department directed Plaintiff to obtain from DHS/USCIS.

31. On or about August 12, 2024, Plaintiff filed a second administrative appeal challenging USCIS's withholding of the 16 pages in response to FOIA request PPO2024000220. The appeal specifically highlighted the "Risk and Fraud" pages (pages 230-239) as likely containing the information sought regarding the basis for the INA § 212(a)(6)(C)(i) finding.

32. On or about August 19, 2024, USCIS received the second administrative appeal. On or about September 19, 2024, USCIS issued an acknowledgment letter for the second appeal, assigning tracking number APP2024003400.

33. On or about November 22, 2024, the USCIS FOIA Appeals Office issued a decision on the second appeal, APP2024003400. The November 22, 2024 appeal decision stated, in part: "After careful consideration of your appeal, and as a result of discussions with the National Records Center, I have decided to release 16 additional pages to you. Enclosed are 16 pages released in part. "The appeal decision further stated: "Information has been redacted pursuant to 5 U.S.C. § 552 (j)(2) and (k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA."

34. Contrary to the appeal decision's statement that 16 pages were being "released in part," the pages provided to Plaintiff were, in fact, entirely blank except for boilerplate text at the top of each page stating: "PAGE WITHHELD PURSUANT TO (b)(7)(C) (b)(7)(E)".

35. Therefore, despite the appeal decision claiming a partial release, USCIS continued to withhold the entirety of the substantive content of the 16 pages previously withheld in full, including the pages identified as "Risk and Fraud" documents believed to contain the basis for the inadmissibility finding. USCIS's action of providing 16 entirely redacted pages constitutes a complete withholding of the information contained therein and is functionally identical to its initial decision to withhold the pages in full.

36. FOIA requires agencies to release any reasonably segregable portion of a record after application of the exemptions. 5 U.S.C. § 552(b). Upon information and belief, the 16 withheld pages, including those labeled "Risk and Fraud," contain reasonably segregable information that is not exempt from disclosure under FOIA exemptions (b)(7)(C) or (b)(7)(E), or any other applicable exemption.

37. Upon information and belief, it is improbable that every single word, date, heading, or piece of information on all 16 pages constitutes sensitive law enforcement information under (b)(7)(E) or implicates personal privacy under (b)(7)(C) or (b)(6) to the extent requiring complete redaction.

38. Upon information and belief, USCIS routinely includes non-exempt information in its internal reports, including Fraud Detection and National Security (FDNS) directorate reports, such as introductory statements, dates, general locations, references to publicly known facts, and other administrative markings or boilerplate language.

39. Upon information and belief, USCIS has previously released similar FDNS or investigative reports, albeit sometimes redacted, in other contexts such as removal proceedings or other litigation when it serves the agency's interests, demonstrating that such documents are not inherently exempt in their entirety.

40. USCIS has failed its statutory obligation under FOIA to conduct a proper segregability analysis and release all reasonably segregable, non-exempt portions of the 16 pages withheld in response to FOIA request PPO2024000220, even after administrative appeal.

41. As a direct result of USCIS's unlawful withholding of these records, Plaintiff remains ignorant of the specific factual and legal basis for the finding of fraud or misrepresentation under INA § 212(a)(6)(C)(i) against Mr. Asgodom, which was made by DHS/USCIS according to the State Department. This lack of information prevents Plaintiff and Mr. Asgodom from meaningfully challenging the finding or determining the appropriate course of action, including potentially applying for the waiver that the State Department indicated is available but which requires knowledge of the underlying conduct to properly address.

42. Plaintiff has exhausted her administrative remedies with respect to FOIA requests NRC2023416504 and PPO2024000220 by appealing the agency's withholdings and receiving final agency decisions on those appeals.

43. USCIS's final decision on appeal APP2024003400, which resulted in the release of 16 completely redacted pages, constitutes an improper withholding of agency records responsive to Plaintiff's FOIA request.

## COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552(a)(3), (a)(8)(A)(i)(b)**
**(Improper Withholding of Agency Records)**

44. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

45. The Freedom of Information Act mandates that federal agencies must make records promptly available upon request, reflecting a strong presumption in favor of disclosure. 5 U.S.C. § 552(a)(3)(A). Defendant is obligated under FOIA to release agency records unless the records are protected from disclosure by one of nine specific, narrowly construed exemptions. 5 U.S.C. § 552(b). Defendant bears the burden of justifying any withholding and may only withhold information if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). Conclusory assertions of harm are insufficient; Defendant must provide a specific, reasoned explanation for its withholding decisions. *See* 5 U.S.C. § 552(a)(6)(A)(i)(I).

46. Following Plaintiff's FOIA request PPO2024000220, submitted specifically to obtain the factual and legal basis for an alleged fraud/misrepresentation finding made by DHS/USCIS as directed by the U.S. Department of State, and subsequent administrative appeal APP2024003400, Defendant improperly withheld sixteen (16) pages of responsive agency records in their entirety. Defendant justified this total withholding by invoking FOIA exemptions (b)(7)(C) (unwarranted invasion of personal privacy in law enforcement records) and (b)(7)(E) (disclosure of law enforcement techniques/procedures risking

circumvention of law), despite contradictorily characterizing its final action as a "partial release" of these same pages.

47. Defendant has improperly withheld the aforementioned sixteen (16) pages by misapplying FOIA exemptions (b)(7)(C) and (b)(7)(E). Defendant failed to meet its burden to demonstrate with requisite specificity how the disclosure of *any* information within these sixteen pages would result in a foreseeable harm to interests protected by these exemptions. Defendant's justification, particularly its final decision on appeal APP2024003400 which provided entirely blank pages while claiming a "partial release" citing only (b)(7)(C) and (b)(7)(E), is conclusory, lacks particularity, and fails to articulate a logical connection between the information withheld and the claimed exemptions, rendering the withholding arbitrary and capricious. Defendant has not shown that releasing this information, necessary for Plaintiff to understand and potentially seek a waiver for an inadmissibility finding, would genuinely risk circumvention of law or constitute an unwarranted invasion of privacy beyond what is inherent in immigration proceedings.

48. Plaintiff possesses a statutory right under FOIA to obtain the requested agency records detailing the basis for the adverse government action and allegation of inadmissibility directly impact Plaintiff and her spouse Mr. Asgodom. This information is essential for Plaintiff to understand the grounds for the visa denial, assess the validity of the underlying fraud/misrepresentation finding attributed to Defendant, and pursue the waiver remedy expressly identified as available by the Department of State. Defendant's wholesale withholding under broad claims of exemption (b)(7)(C) and (b)(7)(E) obstructs Plaintiff's ability to meaningfully engage with the immigration process and seek available

relief, thereby frustrating the core purpose of FOIA. No lawful basis exists for Defendant's complete withholding of these records.

49. Defendant's failure to provide Plaintiff with the requested records, specifically the sixteen (16) pages withheld in their entirety following appeal APP2024003400, constitutes an improper withholding of agency records in violation of Defendant's obligations under 5 U.S.C. §§ 552(a)(3), (a)(8)(A)(i), and (b). Plaintiff has exhausted all required administrative remedies with respect to this improper withholding.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(ii), (b)
### (Failure to Produce Reasonably Segregable Information)

50. Plaintiff repeats and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. The Freedom of Information Act imposes an affirmative duty on agencies to release reasonably segregable, non-exempt portions of records containing exempt information. 5 U.S.C. § 552(b) mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." Agencies must "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii)(B). This obligation requires a meticulous, line-by-line review and prohibits withholding entire documents where only portions are exempt.

52. Defendant violated its statutory duty to segregate by failing to release any reasonably segregable, non-exempt information from the sixteen (16) pages withheld in

response to FOIA request PPO2024000220 and subsequent appeal APP2024003400. Defendant's production of sixteen (16) entirely blank pages, marked only with boilerplate exemption citations "(b)(7)(C) (b)(7)(E)", under the guise of a "partial release," unequivocally demonstrates a failure to conduct any meaningful segregability analysis. It is implausible that every heading, date, administrative notation, introductory statement, factual assertion (even if sources are protected), or conclusion within sixteen distinct pages, including pages identified within Defendant's own production as "Risk and Fraud" documents, qualifies for exemption, leaving no segregable content whatsoever. Defendant's action constitutes a *de facto* withholding of the documents in their entirety without the requisite segregability review.

53. Plaintiff possesses a clear statutory right under 5 U.S.C. §§ 552(b) and 552(a)(8)(A)(ii) to receive all reasonably segregable portions of the requested records. Defendant's wholesale redaction of the sixteen pages is facially inadequate and fails to comply with FOIA's segregation requirement. Upon information and belief, these pages contain substantial segregable information – such as general subject matter descriptions, dates, non-sensitive procedural information, or factual conclusions separable from exempt details regarding sources, methods, or specific private information – which Defendant unlawfully withheld. No valid legal basis permits Defendant's complete non-disclosure of the substantive content of these pages through its failure to segregate.

54. Defendant’s failure to conduct a proper segregability review and release all non-exempt, reasonably segregable information contained within the sixteen (16) pages withheld following appeal APP2024003400 constitutes a distinct violation of its

obligations under 5 U.S.C. §§ 552(a)(8)(A)(ii) and (b). This failure directly and substantially prejudices Plaintiff, denying her even a basic understanding of the government's reasoning for finding her spouse inadmissible and preventing her from effectively pursuing the waiver identified by the Department of State, thereby undermining the transparency principles central to FOIA.

55. Plaintiff has exhausted all required administrative remedies with respect to this failure to release segregable information.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court grant the following relief:

a. Assume jurisdiction over this action;

b. Declare unlawful Defendant's failure to conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

c. Order Defendant to make a full, adequate, and expeditious search for the requested records;

d. Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

e. Enjoin Defendant from improperly withholding requested records;

f. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

g. Grant such other relief as the Court may deem just, equitable, and appropriate.

DATE: August 21, 2025

RESPECTFULLY SUBMITTED,

/s/ *Dan Gividen*
DAN GIVIDEN
Texas State Bar No. 24075434
Gividen Law, PLLC
18208 Preston Rd., Ste. D9-284
Dallas, TX 75252
972-256-8641 (phone)
Dan@GividenLaw.com